**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS PAVON, on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>-against-<br><br>FORGE RESTAURANT LLC d/b/a RESTAURANT MARC FORGIONE; MARC FORGIONE; CHRISTOPHER BLUMLO;<br><br>Defendants. | Case No. 19 Civ. 4008<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Juan Carlos Pavon (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, misappropriated tips, call-in pay, and other damages for Plaintiff and his similarly situated co-workers – servers, bussers, food runners, bartenders, and other similarly situated tipped employees (collectively, "Tipped Employees") – who work or have worked at Restaurant Marc Forgione ("Restaurant Forgione"), located at 134 Reade Street, New York, NY 10013.

2. Owned and/or operated by Forge Restaurant LLC, Marc Forgione and Christopher Blumlo (collectively, "Defendants"), Restaurant Forgione is a high end "New American" restaurant located in the Tribeca neighborhood of New York City that has been featured in various

- 1 -

publications,[1] and has received rave reviews over the years.[2]

3. At all times relevant, Defendants have paid Plaintiff and similarly situated Tipped Employees at or below the applicable "tipped" minimum wage rate.

4. Defendants, however, have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") that would allow them to apply a "tip credit" to Tipped Employees' wages.

5. Defendants failed to provide Tipped Employees with notification of the tipped minimum wage rate or tip credit provisions of the NYLL, or of their intent to apply a tip credit to Tipped Employees' wages.

6. Defendants also maintain a policy and practice whereby Tipped Employees are required to spend more than 20% of their shift and/or 2 hours performing non-tip producing side work, including, but not limited to: folding napkins, refilling ice buckets, stocking and refilling garnish stations, chopping fruits and vegetables, refilling the chef's station, setting up tables, attending pre-shift meetings, cleaning service stations, and restocking plates.

7. Defendants require Tipped Employees to perform side work at the start, during, and at the end of each shift, usually before or after service when the restaurant is closed to the public.

8. The duties that Defendants require Tipped Employees to perform are duties that are customarily assigned to employees in other restaurants that typically receive at least the full minimum wage rate.

---

[1] *See* "The Most Romantic Restaurants in New York City" Huffington Post Website (available at https://www.huffpost.com/entry/the-most-romantic-restaur_b_7977254?ec_carp=5804661178612489001) (last accessed Jan. 17, 2019); "See Marc Forgione's Exploding Egg Dessert" Vanity Fair Website (available at https://www.vanityfair.com/culture/photos/2015/03/marc-forgione-egg-dessert-photos) (last accessed Jan. 17, 2019); "Over-the-Top Thanksgiving Menus" ABC News Website (available at https://abcnews.go.com/Travel/top-thanksgiving-menus/story?id=20906019) (last accessed Jan. 17, 2019).
[2] *See e.g.* Zagat (available at https://www.zagat.com/r/restaurant-marc-forgione-new-york) (last accessed Jan. 17, 2019).

9. The side work that Defendants require of Tipped Employees is not specific to particular customers, tables, or sections, but is performed in mass quantities for the entire shift or for future shifts. Furthermore, Defendants require Tipped Employees to perform most side work before the restaurant opened or after the restaurant closed and customers had left.

10. For example, Defendants rely on Tipped Employees to arrive as early as 2:30 p.m. for a 5:30 p.m. dinner opening.

11. As some of these duties are not related to Plaintiff's duties as Tipped Employees, Plaintiff and similarly situated Tipped Employees were engaged in dual occupations for which they are entitled to the full minimum wage.

12. Defendants' timekeeping system is capable of tracking multiple job codes for different work assignments. Despite this, Tipped Employees are not required to record the amount of time they spend performing side work.

13. Defendants misappropriated gratuities from Plaintiff and other Tipped Employees by requiring them to engage in a tip distribution scheme where tips were shared with employees in positions that are not entitled to tips under the FLSA and/or NYLL, including, but not limited to, expeditors.

14. Individuals employed as expeditors are responsible for plating food and garnishing dishes in the kitchen. Expeditors have virtually no customer interaction, do not take orders from customers, do not bus customers' plates or glasses, and do not set tables for customers. In addition, expeditors primarily remain in the kitchen away from customer view to perform their duties. As a result, expeditors at Restaurant Forgione are not entitled to share tips under the FLSA and/or the NYLL.

15. Defendants also misappropriated gratuities from private events from Plaintiff and other Tipped Employees by failing to distribute "administrative" fees, charged to customers and

contained in Defendant's private events contracts, that were purported to be gratuities, in violation of the NYLL.

16. Defendants maintained a policy and practice whereby Tipped Employees were not properly compensated "call-in pay" as required by the NYLL.

17. Plaintiff brings this action on behalf of themselves and all similarly situated current and former Tipped Employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

18. Plaintiff also bring this action on behalf of himself and all similarly situated current and former Tipped Employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Juan Carlos Pavon**

19. Juan Carlos Pavon ("Pavon") is an adult individual who is a resident of Queens, New York.

20. Pavon was been employed by Defendants as a food runner – a Tipped Employee – from in or around summer 2016 until in or around December 2018.

21. Pavon was a covered employee within the meaning of the FLSA and NYLL.

22. A written consent form for Pavon is being filed with this Class Action Complaint.

**Defendants**

23. Defendants have jointly employed Plaintiff and similarly situated employees at all times relevant.

24. Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

25. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Forge Restaurant LLC**

26. Together with the other Defendants, Forge Restaurant LLC has owned and/or operated Restaurant Marc Forgione during the relevant time period.

27. Forge Restaurant LLC is a domestic limited liability company organized and existing under the laws of New York.

28. Forge Restaurant LLC is listed as the "Premises Name," on the active New York State Liquor License for the premises doing business as "Restaurant Marc Forgione" located at 134 Reade Street, New York, NY 10013.

29. Forge Restaurant LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

30. At all relevant times, Forge Restaurant LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

31. Forge Restaurant LLC applies the same employment policies, practices, and procedures to all Tipped Employees at Restaurant Marc Forgione, including policies, practices, and procedures with respect to payment of minimum wage, tip appropriation, and call-in pay.

32. In addition, Forge Restaurant LLC is listed as the payor on pay stubs received by

employees of Restaurant Forgione.

33. Upon information and belief, at all relevant times Forge Restaurant LLC has an annual gross volume of sales in excess of $500,000.

**Marc Forgione**

34. Upon information and belief, Marc Forgione is a resident of the State of New York.

35. At all relevant times, Marc Forgione has been the owner and operator of Restaurant Forgione.

36. Marc Forgione is listed as a "Principal," on the active New York State Liquor Licenses for the premises doing business as "Restaurant Marc Forgione" located at 134 Reade Street, New York, NY 10013.

37. At all relevant times, Marc Forgione has had power over personnel decisions at the Restaurant Forgione, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

38. At all relevant times, Marc Forgione has had power over payroll decisions at Restaurant Forgione, including the power to retain time and/or wage records.

39. At all relevant times, Marc Forgione has been actively involved in managing the day to day operations of Restaurant Forgione.

40. At all relevant times, Marc Forgione has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

41. At all relevant times, Marc Forgione has had the power to transfer the assets and/or liabilities of Restaurant Forgione.

42. At all relevant times, Marc Forgione has had the power to declare bankruptcy on behalf of the Restaurant Forgione.

43. At all relevant times, Marc Forgione has had the power to enter into contracts on

behalf of Restaurant Forgione.

44. At all relevant times, Marc Forgione has had the power to close, shut down, and/or sell Restaurant Forgione.

45. Marc Forgione is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Christopher Blumlo**

46. Upon information and belief, Christopher Blumlo is a resident of the State of New York.

47. At all relevant times, Christopher Blumlo has been the owner and operator of Restaurant Forgione.

48. Christopher Blumlo is listed as a "Principal," on the active New York State Liquor License for the premises doing business as "Restaurant Marc Forgione" located at 134 Reade Street, New York, NY 10013.

49. At all relevant times, Christopher Blumlo has had power over personnel decisions at Restaurant Forgione, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

50. At all relevant times, Christopher Blumlo has had power over payroll decisions at the Restaurant Forgione, including the power to retain time and/or wage records.

51. At all relevant times, Christopher Blumlo has been actively involved in managing the day to day operations of Restaurant Forgione.

52. At all relevant times, Christopher Blumlo has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

53. At all relevant times, Christopher Blumlo has had the power to transfer the assets

and/or liabilities of Restaurant Forgione.

54. At all relevant times, Christopher Blumlo has had the power to declare bankruptcy on behalf of Restaurant Forgione.

55. At all relevant times, Christopher Blumlo has had the power to enter into contracts on behalf of Restaurant Forgione.

56. At all relevant times, Christopher Blumlo has had the power to close, shut down, and/or sell Restaurant Forgione.

57. Christopher Blumlo is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

58. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

59. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

60. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Tipped Employees at Restaurant Forgione between January 23, 2016 and the date of final judgment in this matter, and who elect to opt-in to this action (the "FLSA Collective").[3]

62. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

63. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the full minimum wage rate for all hours worked.

64. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay their employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked up to 40 per workweek; and

   (b) willfully failing to record all of the time that their employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

## CLASS ACTION ALLEGATIONS

65. Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Tipped Employees at Restaurant Forgione between January 23, 2013 and the date of final judgment in this matter (the "Rule 23 Class").[4]

---

[3] The period covered by the FLSA Collective is extended due to a pre-litigation tolling agreement entered into by the parties on February 11, 2019 and terminated on May 3, 2019.

[4] The period covered by the Rule 23 Class is extended due to a pre-litigation tolling agreement entered into by the

66. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

67. There are more than fifty Rule 23 Class Members.

68. Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

69. Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

70. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

71. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

---

parties on February 11, 2019 and terminated on May 3, 2019.

engender.

73. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

> (a) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked up to 40 hours per workweek;
>
> (b) whether Defendants retained tips and/or administrative fees intended for Plaintiff and the Rule 23 Class;
>
> (c) whether Defendants failed to pay Plaintiff and the Rule 23 Class call-in pay as required by the NYLL and;
>
> (d) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

74. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Juan Carlos Pavon**

75. During his employment, Plaintiff generally worked the following scheduled hours unless he missed time for vacation, sick days, and/or holidays, or obtained added shifts: approximately 3 to 4 days per week for approximately twenty-five to thirty-three hours per week.

76. Throughout his employment, Defendants applied a tip credit towards the minimum wage rate paid to Plaintiff for work performed as a food runner.

77. Defendants failed to notify Plaintiff of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

78. Defendants suffered or permitted Plaintiff to perform non-tip producing side work for more than 20% and/or 2 hours on a consistent basis, including pre-shift side work, running side

work, and closing side work. These duties included, but are not limited to: folding napkins; refilling ice buckets; stocking and refilling garnish stations; chopping fruits and vegetables; refilling the chef's station; setting up tables; attending pre-shift meetings; cleaning service stations; restocking plates; and general cleaning of the entire restaurant.

79. As a result of the above, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Plaintiff's wages. As such, Plaintiff should have been paid the full minimum wage not the reduced tipped minimum wage rate.

80. Defendants also misappropriated gratuities from Plaintiff and other Tipped Employees by requiring them to engage in a tip distribution scheme where tips were shared with employees in positions that are not entitled to tips under the FLSA and/or NYLL, including, but not limited to, expeditors.

81. Defendants knowingly retained from Plaintiff administrative fees paid by customers of Restaurant Forgione's private events.

82. During the course of his employment, there were times when Plaintiff would report for duty for a regularly scheduled shift only to be sent home prior to working for three hours. Defendants failed to properly provide Plaintiff with "call-in pay" as required by 12 N.Y.C.R.R. Part 146 for these shifts.

83. Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

# FIRST CAUSE OF ACTION
## Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

86. Defendants have also not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants (i) required Plaintiff and the FLSA Collective to distribute a portion of their tips to workers who do not "customarily and regularly" receive tips, including but not limited to, expeditors.

87. Defendants have also not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants required Plaintiff and the FLSA Collective to perform a substantial amount of non-tip producing "side work" in excess of 20% of their time at work. During these periods, Defendants have compensated Plaintiff and the FLSA Collective at the tipped minimum wage rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

88. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. At all times relevant, Plaintiff and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

91. Defendants have failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

92. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the Rule 23 Class the full minimum wage at a rate of (a) $7.25 per hour for all hours worked from February 2011 through December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (d) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (e) $11.00 per hour for all hours worked from December 31, 2016; (f) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (g) $15.00 per hour for all hours worked from December 31, 2018 through the present.

93. Defendants have failed to notify Plaintiff and the Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

94. Defendants also required Plaintiff and the Rule 23 Class to share gratuities with employees who are not eligible to receive tips under the NYLL and the supporting New York State Department of Labor Regulations.

95. Defendants required Plaintiff and the Rule 23 Class to perform a substantial amount of non-tipped "side work" in excess of 2 hours or more, or 20% of their work time.

96. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Tip Misappropriation
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

97. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

99. Defendants unlawfully retained gratuities and/or administrative fees intended for Plaintiff and the Rule 23 Class, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

100. Defendants unlawfully required Plaintiff and the Rule 23 Class to share the gratuities they received with employees other than tipped employees, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

101. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages

as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Call-In Pay
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103. During regularly scheduled shifts, Plaintiff and the Rule 23 Class who reported for duty, whether or not assigned to actual work, were not compensated for at least three hours for one shift or the number of hours in the regularly scheduled shift, whichever is less.

104. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants up to three hours of wages calculated at their regular or overtime rate of pay, whichever is applicable, as provided for by 12 N.Y.C.R.R. Part 146, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. Defendants have failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip,

meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

107. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Restaurant Forgione. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representatives of the Rule 23 Class and counsel of

record as Class Counsel;

E. Unpaid minimum wages, misappropriated tips, call-in pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G. Prejudgment and post-judgment interest;

H. Reasonable attorneys' fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
May 3, 2019

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

# FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.  Doy mi consentimiento para ser parte demandante en una demanda contra MARC FORGIONE y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.  Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)

Juan Carlos Pavon
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))