# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this ____ day of December, 2019, between Juan Carlos Pavon ("Plaintiff") and Forge Restaurant LLC ("Forge"), Marc Forgione "Forgione"), and Christopher Blumlo ("Blumlo" or collectively with Forge and Forgione "Defendants."). Plaintiff and Defendants are collectively referred to as the "Parties."

**WHEREAS** Plaintiff alleges that he was employed by Defendants as a food runner from in or about summer 2016 to in or about December 2018; and

**WHEREAS** Plaintiff, through his counsel, Fitapelli & Schaffer, LLP, have filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 1:19-cv-04008 (PGG)(SN), alleging, *inter alia*, that Plaintiff is entitled to unpaid minimum wage for hours worked during his employment with Defendants (the "Action");

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties reached a settlement as the result of a mediation before mediator Stephen Marshall held on October 8 and November 12, 2019, and the Parties desire to memorialize this settlement in a writing and resolve and settle the Action as well as any and all issues relating to Plaintiff's employment relationship with Defendants in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

    a. In full and final settlement of the Action, as well as any amounts Plaintiff may have the right to receive from Defendants under any agreements or under any applicable law related to employee compensation, including all claims that Plaintiff asserted or may have asserted against Defendants, and their affiliates, past and present officers, directors, owners, employees and representatives, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $70,000 (the "Settlement Sum").

    b. The Settlement Sum will be allocated as follows: $29,451.09 shall be allocated to Plaintiff, and $40,548.91 shall be allocated to Fitapelli & Schaffer, LLP as attorneys' fees and costs, which were negotiated separate and apart from Plaintiff's individual amount.

c. The Settlement Sum shall be paid in five monthly installments as set forth in paragraphs 1(d) – 1(h) below.

d. First Installment Payment: Within thirty (30) days of the Court granting approval of this Agreement and signing the Stipulation of Dismissal with Prejudice attached as **Exhibit A** ("the Effective Date"), Defendant shall pay an installment payment of Thirty Five Thousand Dollars ($35,000), apportioned as follows:

> (i) One (1) check payable to Plaintiff totaling the gross sum of Seven Thousand Three Hundred Sixty Two Dollars and Seventy Seven Cents ($7,362.77), less applicable taxes and withholdings, to be reported on an IRS Form W2 issued to Plaintiff;
>
> (ii) One (1) check payable to Plaintiff totaling the gross sum of Seven Thousand Three Hundred Sixty Two Dollars and Seventy Seven Cents ($7,362.77), from which no taxes and withholdings will be deducted, to be reported on an IRS Form 1099 issued to Plaintiff; and
>
> (iii) One (1) check payable to Fitapelli & Schaffer, LLP in the amount Twenty Thousand, Two Hundred Seventy Four Dollars and Forty Six Cents ($20,274.46), in connection with Plaintiff's attorneys' fees, costs, and expenses.

e. Second Installment Payment: Within sixty (60) days of the Effective Date referenced in paragraph 1(b) above, Defendant shall pay an installment payment of Eight Thousand Seven Hundred and Fifty Dollars ($8,750), apportioned as follows:

> (i) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), less applicable taxes and withholdings, to be reported on an IRS Form W2 issued to Plaintiff;
>
> (ii) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), from which no taxes and withholdings will be deducted, to be reported on an IRS Form 1099 issued to Plaintiff; and
>
> (iii) One (1) check payable to Fitapelli & Schaffer, LLP in the amount Five Thousand Sixty Eight Dollars and Sixty One Cents ($5,068.61), in connection with Plaintiff's attorneys' fees, costs, and expenses.

f. Third Installment Payment: Within ninety (90) days of the Effective Date referenced in paragraph 1(b) above, Defendant shall pay an installment payment of Eight Thousand Seven Hundred and Fifty Dollars ($8,750), apportioned as follows:

      (i) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), less applicable taxes and withholdings, to be reported on an IRS Form W2 issued to Plaintiff;

      (ii) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), from which no taxes and withholdings will be deducted, to be reported on an IRS Form 1099 issued to Plaintiff; and

      (iii) One (1) check payable to Fitapelli & Schaffer, LLP in the amount Five Thousand Sixty Eight Dollars and Sixty One Cents ($5,068.61), in connection with Plaintiff's attorneys' fees, costs, and expenses.

g.  Fourth Installment Payment: Within one hundred twenty (120) days of the Effective Date referenced in paragraph 1(b) above, Defendant shall pay an installment payment of Eight Thousand Seven Hundred and Fifty Dollars ($8,750), apportioned as follows:

      (i) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), less applicable taxes and withholdings, to be reported on an IRS Form W2 issued to Plaintiff;

      (ii) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), from which no taxes and withholdings will be deducted, to be reported on an IRS Form 1099 issued to Plaintiff; and

      (iii) One (1) check payable to Fitapelli & Schaffer, LLP in the amount Five Thousand Sixty Eight Dollars and Sixty One Cents ($5,068.61), in connection with Plaintiff's attorneys' fees, costs, and expenses.

h.  Fifth Installment Payment: Within one hundred fifty (150) days of the Effective Date referenced in paragraph 1(b) above, Defendant shall pay an installment payment of Eight Thousand Seven Hundred and Fifty Dollars ($8,750), apportioned as follows:

      (i) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), less applicable taxes and withholdings, to be reported on an IRS Form W2 issued to Plaintiff;

      (ii) One (1) check payable to Plaintiff totaling the gross sum of One Thousand Eight Hundred Forty Dollars and Sixty Nine Cents ($1,840.69), from which no taxes and withholdings will be deducted, to be reported on an IRS Form 1099 issued to Plaintiff; and

      (iii) One (1) check payable to Fitapelli & Schaffer, LLP in the amount Five Thousand Sixty Eight Dollars and Sixty One Cents ($5,068.61), in connection with Plaintiff's attorneys' fees, costs, and expenses.

i. All monies due and payable under this Settlement Agreement may be paid in the form of check, wire transfer, or payroll check. In the event that any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiff and/or Plaintiff's counsel for any bank fees incurred as a result of the returned check(s).

j. Except as provided above, each Party shall bear the Party's own costs and fees.

2. **Release. Mutual**

a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's alleged employment relationship with any of the Releasees, their relationship with Defendants and the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of said Releasees, or any of them, committed or omitted prior to the date of this Agreement and Release, including without limiting the generality of the foregoing, any claim under the Fair Labor Standards Act of 1938, as amended; the New York Labor Law, as amended; the New York Hospitality Wage Order, the New York Wage Theft Prevention Act, Title VII of the Civil Rights Act of 1866, 1964, and 1991, as amended; the Family and Medical Leave Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act, as amended; the Immigration Reform and Control Act, as amended; the Americans with

        Disabilities Act of 1990, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Sarbanes-Oxley Act of 2002, as amended; New York Code of Rules and Regulations, as amended; the New York State Human Rights Law; the New York City Human Rights Law; any claim that has been or could have been alleged in the Action; any other federal, state or local law, statute, regulation or ordinance; any public policy, contract, tort or common law claim; and any claim for costs, fees or other expenses, including attorneys' fees incurred in these matters.

   b. Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

   c. This release shall not affect or limit: (a) any claims of a Party that may arise after the date that Party sign this Agreement; (b) The Parties' rights to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement.

   d. The Parties intend the Releases herein to be construed and interpreted broadly to the fullest extent permitted by law.

   e. The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3. **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as **Exhibit A**, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

4. **Non-Solicitation**

Plaintiff represents that he is unaware of any other individuals who are asserting claims against defendants or who have expressed interest in joining the Action. Plaintiff further represents that his attorneys, Fitapelli & Schaffer, LLP, including its partners and employees (collectively the "Attorneys"), have not represented, and do not currently represent, any other individuals who have brought or who are seeking to bring claims against Defendants, nor have they referred such individuals to another lawyer or firm. Plaintiff has directed his attorneys not to solicit current and/or former employees of Defendants, for the purpose of asserting claims of any nature against Defendants in any forum.

5. **Non-Admission**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6. **Successors and Assigns**

Upon the merger or consolidation of either of the corporate defendants into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of either of the corporate defendants, this Agreement and Release shall bind and inure to the benefit of both the original corporate defendants and the acquiring, succeeding, or surviving entities, as the case may be.

7. **Applicable Law; Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the State of New York having jurisdiction over New York County.

8. **Execution in Counterparts; Facsimile signatures; Force and effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party

to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

9. **Non-Disparagement; Neutral reference**

   a. Plaintiff agrees not to make any statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

   b. Defendants agree that they shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame Plaintiff. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

10. **Breach; Cure; Enforcement**

    a. The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

    b. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 16, and the breaching Party shall have five business (5) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). Failure to make scheduled payments within the cure period shall constitute a material breach and shall cause all remaining compensation owed by Defendants to Plaintiff and Plaintiff's Counsel under this Agreement to become immediately due and payable, and shall entitle Plaintiff to apply for a default judgment before the United States District Court for the Southern District of New York – or any other court of competent jurisdiction – against any and all Defendants without further notice for the accelerated amount of 200% of the unpaid portion of the Settlement Sum, to be secured by a confession of judgment as specified in Paragraph 14(d). This amount is not a penalty, but reflects the actual and statutory damages and costs Plaintiff believes he could recover at trial.

    c. Defendants agree to execute affidavits of judgment by confession in conformance with C.P.L.R. § 3218(a), copies of which are attached as **Exhibit B**. The affidavits shall be held by Plaintiff's counsel in escrow and may only be released back to Defendants upon written confirmation that the entire settlement sum has been paid. Plaintiff is authorized to file the confessions of judgment should Defendants be in material breach of this Agreement. Plaintiff agrees that once all payments set forth in Paragraph 1 of this Agreement have been tendered, Plaintiff will destroy the

   executed affidavits of judgment by confessions and all copies thereof and provide immediate written notice of same to Defendants.

 d. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or any Party's performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

11. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

12. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

13. **Interpretation**

 a. <u>Construal.</u> Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

 b. <u>Severability.</u> In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

c. <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

d. <u>Recitals</u>. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

14. **Representations and Warranties**

a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

15. **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

| Plaintiff: | Defendants: |
|---|---|
| Brian S. Schaffer, Esq. | Robert J. Tracy, Esq. |
| Fitapelli & Schaffer, LLP | Gibney, Anthony & Flaherty, LLP. |
| 28 Liberty Street, 30th Floor | 665 Fifth Avenue |
| New York, NY 10005 | New York, NY 10022 |
| bschaffer@fslawfirm.com | rjtracy@gibney.com |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

16. **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Juan Carlos Pavon**
Date: 12/9/19

**Forge Restaurant LLC**

_____         _____
**By: Christopher Blumlo**          **Marc Forgione**
**Title:**                          **Date:** _____
**Date:** _____

_____
**Christopher Blumlo**
**Date:** _____

16. **Signatures**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____
Juan Carlos Pavon
Date:_____

Forge Restaurant LLC
_____
By: Christopher Blumlo
Title: MANAGING MEMBER
Date: 12/9/19

_____
Marc Forgione
Date: 12/9/19

_____
Christopher Blumlo
Date: 12/9/19

10

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS PAVON, on behalf of himself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>FORGE RESTAURANT LLC d/b/a RESTAURANT MARC FORGIONE; MARC FORGIONE; CHRISTOPHER BLUMLO,<br><br>Defendants. | DOCKET NO. 1:19-cv-04008 (PGG)(SN) |

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Juan Carlos Pavon ("Plaintiff"), and Defendants Forge Restaurant LLC d/b/a Restaurant Marc Forgione, Marc Forgione, and Christopher Blumlo ("Defendants"), that all of Plaintiff's claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/her/its own costs and attorneys' fees.

Dated: 12/11/2019

FITAPELLI & SCHAFFER, LLP

By: _____
Brian S. Schaffer

28 Liberty Street, 30th Floor
New York, New York 10005
(212) 300-0375
Attorneys for Plaintiff

GIBNEY, ANTHONY & FLAHERTY, LLP.

By: _____
Robert J. Tracy

665 Fifth Avenue
New York, NY 10022
(212) 688-5151
Attorneys for Defendants

SO ORDERED:

_____
Hon. Paul G. Gardephe, U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS PAVON, on behalf of himself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>FORGE RESTAURANT LLC d/b/a RESTAURANT MARC FORGIONE; MARC FORGIONE; CHRISTOPHER BLUMLO,<br><br>Defendants. | DOCKET NO. 1:19-cv-04008 (PGG)(SN)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

State of New York   )
                    ) ss:
County of New York  )

Marc Forgione being duly sworn, depose and state as follows:

1.    I, MARC FORGIONE, am an owner and/or officer of Forge Restaurant LLC. I am one of the defendants in the above entitled action. I currently reside in the City of New York, County of New York, and State of New York, and authorize entry of judgment in the Southern District of New York. I have authority to sign on behalf of myself, and on behalf of Forge Restaurant LLC.

2.    Defendant Forge Restaurant LLC's principal place of business is located at 134 Reade Street, New York, in the County of New York, State of New York.

3.    I, MARC FORGIONE, hereby confess judgment and authorize entry of judgment in this Court against myself, jointly and severally with Christopher Blumlo and FORGE RESTAURANT LLC (collectively, "Defendants"), in favor of Plaintiff for the sum of One Hundred Forty Thousand Dollars and Zero Cents ($140,000.00), plus reasonable attorneys' fees and costs incurred in entering and enforcing the judgment, and statutory interest and costs, but less 200% of any settlement monies already paid pursuant to the fully executed Settlement Agreement attached hereto as **Exhibit A** (the "Agreement").

4.    This Confession of Judgment is for a debt justly due and owing to Plaintiff for the settlement of the matters in the United States District Court, Southern District of New York (Docket No.: 1:19-cv-04008), entitled *Juan Carlos Pavon. v. Forge Restaurant LLC, Corp., et al.*

14

5.  This confession of judgment may be filed in the United States District Court for the Southern District of New York or New York County, New York.

6.  I hereby represent my understanding that upon Defendants' breach of the Agreement – specifically Defendants' failure to fund the Settlement Payments (as defined in the Agreement) per the terms of the Agreement – and upon Defendants' failure to cure the breach within 5 business days as outlined in the Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in the United States District Court for the Southern District of New York, or any other court of competent jurisdiction, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I have any ownership interest.

7.  This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability.

Forge Restaurant LLC

By: Marc Forgione
Title: _____
Date: 12/9/19

Sworn to before me this
9 day of December, 2019

_____
Notary Public

RENE P CALLE
Notary Public - State of New York
NO. 01CA6254164
Qualified in Bronx County
My Commission Expires Jan 17, 2020

_____
Marc Forgione
Date: 12/9/19

Sworn to before me this
9 day of December, 2019

_____
Notary Public

RENE P CALLE
Notary Public - State of New York
NO. 01CA6254164
Qualified in Bronx County
My Commission Expires Jan 17, 2020

15

[PAGE INTENTIONALLY LEFT BLANK]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS PAVON, on behalf of himself and all other persons similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>FORGE RESTAURANT LLC d/b/a RESTAURANT MARC FORGIONE; MARC FORGIONE; CHRISTOPHER BLUMLO,<br><br>　　　　　　　　　　　Defendants. | DOCKET NO. 1:19-cv-04008 (PGG)(SN)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

State of New York　) 
　　　　　　　　　　) ss:
County of New York )

　　　　Christopher Blumlo, personally and as officer of Defendant Forge Restaurant LLC, personally and as officer of Defendant Forge Restaurant LLC, being duly sworn, deposes and states as follows:

　　　　1.　　I, CHRISTOPHER BLUMLO, am an owner and/or officer of Forge Restaurant LLC. I am one of the defendants in the above entitled action. I currently reside in the Village of Northport, in the County of Suffolk, State of New York, and authorize entry of judgment in the Southern District of New York. I have authority to sign on behalf of myself, and on behalf of Forge Restaurant LLC

　　　　2.　　Defendant Forge Restaurant LLC's principal place of business is located at 134 Reade Street, New York, in the County of New York, State of New York.

　　　　3.　　I, CHRISTOPHER BLUMLO, hereby confess judgment and authorize entry of judgment in this Court against myself, jointly and severally with Marc Forgione and FORGE RESTAURANT LLC (collectively, "Defendants"), in favor of Plaintiff for the sum of One Hundred Forty Thousand Dollars and Zero Cents ($140,000.00), plus reasonable attorneys' fees and costs incurred in entering and enforcing the judgment, and statutory interest and costs, but less 200% of any settlement monies already paid pursuant to the fully executed Settlement Agreement attached hereto as **Exhibit A** (the "Agreement").

17

4. This Confession of Judgment is for a debt justly due and owing to Plaintiff for the settlement of the matters in the United States District Court, Southern District of New York (Docket No.: 1:19-cv-04008), entitled *Juan Carlos Pavon. v. Forge Restaurant LLC, Corp., et al.*

5. I hereby represent my understanding that upon Defendants' breach of the Agreement – specifically Defendants' failure to fund the Settlement Payments (as defined in the Agreement) per the terms of the Agreement – and upon Defendants' failure to cure the breach within 5 business days as outlined in the Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in the United States District Court for the Southern District of New York, or any other court of competent jurisdiction, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I have any ownership interest.

6. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability.

Forge Restaurant LLC

By: Christopher Blumlo
Title: MANAGING MEMBER
Date: 12/9/19

Sworn to before me this
9 day of December, 2019

Notary Public

RENE P CALLE
Notary Public - State of New York
NO. 01CA6254164
Qualified in Bronx County
My Commission Expires Jan 17, 2020

Christopher Blumlo
Date: 12/9/19

Sworn to before me this
9 day of December, 2019

Notary Public

RENE P CALLE
Notary Public - State of New York
NO. 01CA6254164
Qualified in Bronx County
My Commission Expires Jan 17, 2020

18